UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARK PELLEGRINO,

    Plaintiff,

v.                                        19-CV-1412 (JLS)

GEORGE FALLAHEE, *et al.*,

    Defendants.

---

## DECISION AND ORDER

*Pro se* Plaintiff Mark Pellegrino commenced this action on October 21, 2019, alleging violations of his rights to due process and equal protection under "the United States Constitution or by Federal law[.]" Dkt. 1. Recognizing Pellegrino's failure to establish personal jurisdiction, this Court directed Pellegrino to file an Amended Complaint by May 28, 2021 or face dismissal of his claims. Dkt. 5, at 9. On May 28, 2021, Pellegrino filed an Amended Complaint. Dkt. 6. Pellegrino's amended pleading, like his original Complaint, fails for lack of personal jurisdiction.

## DISCUSSION

Pellegrino has already been granted permission to proceed *in forma pauperis*. *See generally* 28 U.S.C. § 1915; *see also* Dkt. 5, at 9. Therefore, the Court elects to screen this Complaint. *See* 28 U.S.C. § 1915(e)(2)(B); *see also Martin v. Martin*, 250 F. App'x 438, 439 (2d Cir. 2007) (summary order) ("District courts are not required to screen complaints filed *in forma pauperis* except in cases where a prisoner seeks

1

civil redress from a governmental entity." (citing 28 U.S.C. § 1915A)); *Key v. Does*, 217 F. Supp. 3d 1006, 1007-08 (E.D. Ark. 2016) (setting forth the "history and structure" of Section 1915 and collecting cases holding that nonprisoner complaints can be screened and dismissed pursuant to Section 1915(e)(2)(B)).

## I. LEGAL STANDARDS

Section 1915 "provide[s] an efficient means by which a court can screen for and dismiss legally insufficient claims." *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (citing *Shakur v. Selsky*, 391 F.3d 106, 112 (2d Cir. 2004)). The court shall dismiss a *pro se* complaint that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)-(iii). Generally, the court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas*, 480 F.3d at 639 (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 796 (2d Cir. 1999) (internal quotation marks omitted)). But leave to amend pleadings may be denied when any amendment would be futile. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

In evaluating the Complaint, the Court must accept all factual allegations as true and must draw all inferences in the plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). "Specific facts are not necessary," and a plaintiff "need only 'give the

2

defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93, (2007) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted)); *see also Boykin v. Keycorp*, 521 F.3d 202, 216 (2d Cir. 2008) (discussing pleading standard in *pro se* cases after *Twombly*: "even after *Twombly*, dismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases."). Although "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73, 77-78 (2d Cir. 2004).

## II. PELLEGRINO'S AMENDED CLAIMS

Pellegrino's Amended Complaint is virtually identical to his original pleading. In the Amended Complaint, Pellegrino identifies the same slate of Defendants named in the original Complaint, including Officers George Fallahee, Emily Smith, Brock Jensen, Ricky Carter, Michael Karayianes, and Michael Saia (all in their individual and official capacities). *Compare* Dkt. 1, at 1 *with* Dkt. 6, at 1. Pellegrino also sues the St. Petersburg Police Department, Judge Joshua Riba, and the "Clerk of Courts Pinellas County," all of whom were named in the original Complaint. *Id.*

The claims alleged in the Amended Complaint are indistinguishable from those set forth in the original Complaint and arise out of the same set of operative

3

facts. *Compare* Dkt. 1, at 5-6 *with* Dkt. 6, at 2-3. The traffic stop, arrest, and legal proceedings alleged in detail in Pellegrino's original Complaint appear in truncated format in the Amended Complaint, excluding several references to Pinellas County, Florida and the St. Petersburg Police Department. *Compare* Dkt. 1, at 2-4 *with* Dkt. 6, at 1-3. The monetary relief sought in Pellegrino's Amended Complaint is unchanged. *Compare* Dkt. 1, at 5-6 *with* Dkt. 6, at 3.

## III. ANALYSIS

### A. Personal Jurisdiction

As set forth in this Court's April 28, 2021 Decision and Order, Dkt. 5, personal jurisdiction concerns "the relationship of a given defendant to the particular geographic area in which a case is brought." *United States ex rel. Thistlethwaite v. Dowty Woodville Polymer, Ltd.*, 110 F.3d 861, 864 (2d Cir. 1997). Personal jurisdiction "protects the individual interest that is implicated when a nonresident defendant is haled into a distant and possibly inconvenient forum." *United States v. Morton*, 467 U.S. 822, 828 (1984). In a diversity action, personal jurisdiction "is determined by reference to the relevant [New York] jurisdictional statutes . . . ." *Beacon Enters., Inc. v. Menzies*, 715 F.2d 757, 762 (2d Cir. 1983). New York's long-arm statute provides that a court has personal jurisdiction over a non-domiciliary defendant who:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or

4

> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state.

*See* N.Y. C.P.L.R. § 302(a).

Although lack of personal jurisdiction is an affirmative defense, dismissal may be appropriate where the facts provided in the plaintiff's complaint support the conclusion that a court lacks personal jurisdiction. *See Martin*, 250 F. App'x at 439 (affirming *sua sponte* dismissal of a *pro se* complaint without prejudice, in part for lack of personal jurisdiction, where the district court provided the plaintiff with opportunities to amend); *see also Pino v. Ryan*, 49 F.3d 51, 53 (2d Cir. 1995) (holding that a complaint can be dismissed on initial review, pursuant to 28 U.S.C. § 1915, based on an affirmative defense that appears on the face of the complaint).

Like his original Complaint, Pellegrino's Amended Complaint is comprised exclusively of claims arising out of alleged events that occurred in Florida in connection with citizens of Florida and local government entities. *See generally* Dkt. 6; *see also supra* Part II. Pellegrino's efforts to remove all references to Florida from the body of the Amended Complaint cannot cure his ongoing failure to establish personal jurisdiction over the Defendants. *Compare* Dkt. 1, at 2-4 *with* Dkt. 6, at 1-3. The unchanged slate of Defendants and otherwise identical facts in the Amended Complaint make that clear. Dkt. 6, at 1.

The reasoning applied in this Court's prior Decision and Order applies in equal force to this Court's analysis of the Amended Complaint. *See* Dkt. 5, at 8. Pellegrino's Amended Complaint fails for lack of personal jurisdiction.

## **CONCLUSION**

For the reasons set forth above, Pellegrino's Amended Complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

## **ORDER**

IT HEREBY IS ORDERED that Pellegrino's Amended Complaint is dismissed without prejudice; and it is further

ORDERED, that the Clerk of the Court shall close this case as dismissed without further order.

SO ORDERED.

Dated: June 24, 2021
Buffalo, New York

*John L. Sinatra, Jr.*
_____
JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE